# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2023-0452, <u>M.F. v. J.G.</u>, the court on January 25, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, J.G., appeals the order of the Circuit Court (<u>Foley</u>, R., approved by <u>Ashley</u>, J.), following a hearing, granting a domestic violence final order of protection to the plaintiff, M.F. <u>See</u> RSA 173-B:5 (2022). He argues that the trial court erred by: (1) not dismissing the petition when the hearing was not held within thirty days; and (2) violating Part 2, Article 78 of the State Constitution. We affirm.

The plaintiff filed her petition on April 17, 2023, and the court issued temporary orders of protection. On April 20, 2023, the self-represented defendant requested a hearing on the temporary orders within three to five business days. <u>See</u> RSA 173-B:4, I (2022) (requiring court upon defendant's request to schedule a hearing on temporary orders within three to five business days). The trial court scheduled the hearing for April 26, 2023. On April 25, 2023, the defendant, now represented by counsel, moved to continue the April 26, 2023 hearing, asserting that the petition served upon the defendant was missing a page of the plaintiff's narrative allegations, that the defendant needed more time to prepare for the hearing, and that his counsel had a scheduling conflict. The defendant requested that the hearing be rescheduled "for the next available date." The court granted the motion the same day, "[u]pon the conditions that the Temporary Order remains in effect and that Defendant waives all timeliness deadlines." The court rescheduled the hearing for June 8, 2023.

On May 2, 2023, after receiving the hearing notice, the defendant moved for a hearing within thirty days, asserting that he "did not waive timeliness deadlines," and that, pursuant to RSA 173-B:3, VII(a) (2022), the court must hold the hearing within thirty days of the date the petition was filed, <u>i.e.</u>, by May 17, 2023. The court denied the motion, referencing its April 25 order regarding the timeliness deadlines. After the June 8 hearing, the court granted the plaintiff a final order of protection. On July 7, 2023, the court denied the defendant's motion for reconsideration, and this appeal followed.

Relying upon <u>McCarthy v. Wheeler</u>, 152 N.H. 643 (2005), the defendant argues that the trial court erred by not dismissing the domestic violence petition when the hearing was not held within thirty days, as required by RSA

173-B:3, VII(a). In McCarthy, we held that the court's failure to hold a domestic violence hearing within the statutory time limits "must result in dismissal of the domestic violence petition, unless the delay was caused or requested by the defendant." McCarthy, 152 N.H. at 646. In this case, the record supports the trial court's implicit finding that the delay was caused or requested by the defendant. After initially requesting an expedited hearing, the defendant sought a continuance, requesting that the hearing be rescheduled "for the next available date." Although the defendant argues that he "never explicitly agreed to waive the statutory mandate," we conclude that he implicitly waived the statutory time requirements by requesting a continuance "for the next available date," without any limitation or reference to RSA 173-B:3, VII(a). See McCarthy, 152 N.H. at 645 (noting that statutory time limits apply "absent waiver").

The defendant next argues that the trial court violated Part 2, Article 78 of the State Constitution because, he argues, the presiding referee in his case, a retired circuit court judge who had reached the age of 70 and was age-disqualified from serving as a judge, nevertheless "ma[de] himself the final arbiter" by "leav[ing] out crucial information" in his recommendation to the reviewing judge such that the judge was "not apprise[d] . . . of [the] pertinent facts of the underlying case," including the plaintiff's alleged "perjury." The record does not support the defendant's argument that the court violated Part 2, Article 78 of the State Constitution. RSA 493-A:1-a (Supp. 2023) specifically provides that a judge who has reached the age of 70 and is eligible to serve as a judicial referee "may be assigned to take testimony, receive and review evidence, and make recommendations for findings of fact and conclusions of law," which "shall be approved by a justice in regular active service." RSA 493-A:1-a, II. "The judge approving such recommendations shall certify that he or she has read the recommendations and agrees that the judicial referee has applied the correct legal standard to the facts determined by the judicial referee." Id. The defendant has failed to demonstrate that the procedures employed in his case did not comply with RSA 493-A:1-a or that the court violated Part 2, Article 78 of the State Constitution.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**